

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALLALIEU-GOLDER INSURANCE :
AGENCY, INC., :
                Plaintiff :
     vs. : No.: 4: CV-02-1934
                 :
EXECUTIVE RISK INDEMNITY, INC. :
and PREMIUM FINANCE TRUST :
INVESTORS FUNDS, :
              Defendants :

### PLAINTIFF'S BRIEF IN SUPPORT
### OF MOTION FOR REMAND



### FACTS/PROCEDURAL HISTORY

The Plaintiff commenced this action in the Court of Common Pleas of Lycoming County, Pennsylvania to No. 02-00035 by filing an Action of Declaratory Judgment naming as Defendant Executive Risk Indemnity (Executive Risk) and Premium Finance Trust Investors Fund (Premium Finance).

The Plaintiff and Defendant, Premium Finance are Pennsylvania entities and Defendant, Executive Risk asserts that it is a Delaware Corporation and maintains its principal place of business in New Jersey.

Defendant, Premium Finance consists of individuals who invested in Premium Finance. They instituted an action in the Court of Common Pleas in Lycoming County against the Plaintiff which has been certified as a class action. Defendant, Executive Risk provided liability coverage to the Plaintiff. The Plaintiff requested Defendant, Executive Risk to defend the action and to

indemnity. Defendant, Executive Risk refused to defend and/or indemnify Plaintiff from the allegations of the class action litigation.

Due to Defendant, Executive Risk's denial of coverage, Plaintiff instituted this action naming as Defendants Executive Risk and Premium Finance. Defendant, Executive Risk filed a Notice of Removal and the Plaintiff has filed a Motion for Remand on the basis this Court lacks subject matter jurisdiction.

**ISSUE**

> WHETHER THIS COURT LACKS SUBJECT MATTER JURISDICTION AND THE MATTER SHOULD BE REMANDED TO THE COURT OF COMMON PLEAS OF LYCOMING COUNTY

**ARGUMENT**

A Defendant may remove an action from state court to federal court where the district court has original jurisdiction. 28USC § 1441(b) provides:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Here there is no contention that this case involves a claim or right arising under the Constitution, treaties or laws of the United States. Furthermore, it is the position of the Plaintiff that one of the Defendants, Premium Finance is a business organization with its principal place of business being in Pennsylvania.

In its Notice of Removal, Defendant, Executive Risk alleges:

2

9. Upon information and belief, Executive Risk avers that Plaintiff joined Premium Finance as a defendant in these proceedings solely in an attempt to fraudulently defeat and/or destroy the diversity jurisdiction of this Court as evidenced by the fact that Plaintiff has asserted no claims against Premium Finance and thus has no chance of success against it. Furthermore, given Plaintiff's failure to assert any claims, whatsoever, against Premium Finance there is no possibility that Plaintiff can obtain a recovery against it. Therefore, Plaintiff has no reasonable basis of fact or colorable ground to support its joinder of Premium Finance and obviously, has no intention to prosecute in good faith an action against or seek judgment from Premium Finance.

Defendant, Executive Risk may avoid remand only by demonstrating that Defendant Premium Finance was fraudulently joined. See *Warner v. Mutual Life Insurance Company of New York, et al.* 998 F.Supp. 592, 594-595, (E.D. Pa. 1998) wherein the Court stated:

> When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined and he carries a heavy burden of persuasion in making this showing. *Batoff v. State Farm Insurance Co.*, 977 F.2d 848, 851 (3rd Cir. 1992). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendants or seek a joint judgment." Id., quoting *Boyer*, 913 F.2d at 111 and *Ables*, 770 F.2d at 32. But if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. Id. Furthermore, where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Id.

Pursuant to the Pennsylvania Declaratory Judgment Act, 42 Pa CSA §7540, Premium Finance is an indispensably party. See *Township of Pleasant, Warren County v. Erie Insurance Exchange*, 348 A.2d 477, 479-480 (Pa Cmwlth Ct 1975) wherein the Court Stated:

> Our Supreme Court has consistently held that where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance

3

carrier. The failure to join a Claimant whose interests would be affected has been held to be fatal error. (Footnotes omitted)

See also *Federal Kemper Insurance Company v. Rauscher, et al., 807 F.2d 345 (3rd Cir. 1986)*, wherein the court recognized that under the Federal Declaratory Judgment Act, the injured party is an indispensable party. Accordingly, the non-diverse party was required to be joined and this joinder cannot be deemed fraudulent.

On the basis of the foregoing, it is respectfully submitted that the Plaintiff's Motion for Remand be granted and the matter remanded to the Court of Common Pleas of Lycoming County.

Respectfully Submitted,

_____
David Eakin

**IN THE UNITED STATES DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALLALIEU-GOLDER INSURANCE :
AGENCY, INC., :
        Plaintiff :
  vs. : No.: 4: CV-02-1934
   :
EXECUTIVE RISK INDEMNITY, INC. :
and PREMIUM FINANCE TRUST :
INVESTORS FUNDS, :
        Defendants :

### CERTIFICATE OF SERVICE

I, David Eakin, Representative of Plaintiff, do hereby certify that on the 27th day of November, 2002, I did cause a true and correct copy of the foregoing ***PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMAND*** to be served on counsel for the Defendant, Executive Risk Indemnity, Inc., Thomas Gebler, Jr., Esquire of Robb, Leonard & Mulvihill, 2300 One Mellon Center, Pittsburgh, Pennsylvania 15219, by placing the same in the United States Mail, postage prepaid and addressed as herein contained. Another copy of te same was also served on counsel for Defendant, Premium Finance Trust Investors Fund, Joseph F. Orso, III, Esquire of Casale & Bonner, P.C. by placing the same in his respective mailbox in the Office of the Prothonotary, Lycoming County Courthouse on this date.

Respectfully Submitted,

_____
David Eakin