IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLALIEU-GOLDER INSURANCE AGENCY, INC., | ) ) ) | |
| Plaintiff, | ) ) | No.: 4: CV-02-1934 |
| vs. | ) ) | Judge McClure |
| EXECUTIVE RISK INDEMNITY, INC., and PREMIUM FINANCE TRUST INVESTORS FUND | ) ) ) ) | |
| Defendants. | ) ) | |

FILED
WILLIAMSPORT, PA
DEC 4 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### RESPONSE TO MOTION TO REMAND

Executive Risk Indemnity, Inc., through its undersigned attorneys, Robb, Leonard & Mulvihill, files the following Response to Plaintiff's Motion to Remand:

1. In its Notice of Removal, Executive Risk, Inc. ("Executive Risk") affirmatively alleged the necessary elements of diversity jurisdiction under 28 U.S.C. 1441.

2. Executive Risk is a Delaware Corporation which maintains its principal place of business at 15 Mountainview Road, Warren, New Jersey 07059. Executive Risk is not a Pennsylvania corporation nor does it maintain its principal place of business in Pennsylvania.

3. It is uncontested that Plaintiff, Mallalieu-Golder Insurance Agency, Inc., is a Pennsylvania Corporation which maintains its principal place of business in Pennsylvania, and that it is not a Delaware corporation and does not maintain its principal place of business in New Jersey.

4. Plaintiff alleges in its Motion to Remand that one of the named Defendants, Premium Finance Trust Investors Fund ("Premium Finance"), "is an unincorporated association having a principal place of business located at 33 West Third Street, Suite 202, Williamsport, Lycoming County, Pennsylvania." (Motion to Remand ¶7)

5. In its Notice of Removal, however, Executive Risk affirmatively alleged that Premium Finance was fraudulently joined. (Notice of Removal ¶9)

6. It is a fundamental that, in assessing diversity jurisdiction, courts are required to disregard the citizenship of parties who have no interest in the outcome of the litigation: "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

7. Plaintiff has asserted no claims against Premium Finance in the Complaint. With the exception of identifying it as "a business organization with a principal place of business at 33 West Third Street, Suite 202, Williamsport, Lycoming County, Pennsylvania, 17701," and stating that it "consists of individuals who invested in the Premium Finance Trust, wholly owned subsidiary of Plaintiff," Plaintiff makes no further allegations whatsoever with regard to Premium Finance in its Complaint. (Complaint ¶¶3,5) Given Plaintiff's failure to assert any claims against Premium Finance, there is no possibility that Plaintiff can obtain a recovery against it.

8. Applying the Third Circuit's reasoning from *Batoff*, the joinder of Premium Finance in this lawsuit is fraudulent because "there is no reasonable basis in fact or colorable ground supporting the claim against" Premium Finance, and the Plaintiff has "no real intention in good faith to prosecute the action" against it. *Batoff*, 977 F.2d at 851. The Court, therefore, is required to disregard the citizenship of Premium Finance in assessing diversity.

9. It follows as well – given the complete lack of allegations against it – that Premium Finance is a nominal and immaterial party whose citizenship should be disregarded in determining diversity jurisdiction. The Third Circuit makes clear that, "[A] federal court must disregard nominal

or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Bumberger v. Insurance Co. of North America*, 952 F.2d 764, 767 (3d Cir. 1991). "Nominal parties are generally those without a real interest in the litigation." *Id.*

10. Indeed, the lack of allegations in the Complaint make clear that Premium Finance would be, at most, a nominal or immaterial party. *See Spring-Ford Area School Dist. v. Genesis Ins. Co.*, 158 F.Supp.2d 476, 484 (E.D. Pa. 2001).

11. For several reasons, therefore, this Court is required to disregard the citizenship of Premium Finance in assessing diversity. Based on the allegations of the Complaint, Premium Finance simply has no interest in the outcome of this action.

12. In the alternative, any interest that could be loosely inferred from the Complaint, actually, would suggest that Premium Finance has an interest in this action identical with that of the Plaintiff.

13. It is fundamental that Courts are required to realign parties based on their actual interest in the outcome of the litigation. *Employers Insurance of Wausau v. Crown Cork & Seal Company, Inc.*, 905 F.2d 42, 45-46 (3d Cir. 1990).

14. The standard for realignment in this Circuit is well-settled:

> In order to sustain jurisdiction based on the diversity of the parties, there must exist an "'actual,' 'substantial' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." Indianapolis v. Chase Natl. Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941) (citations omitted). In determining whether there is the necessary "collision of interests," the court must look at the "'principal purpose of the suit' and the 'primary and controlling matter in the dispute.'" Id. (citations omitted). The parties' determination of their alignment cannot confer jurisdiction upon the court. Although the pleadings are relevant, it is the court's duty to "'look beyond the pleadings and arrange the parties according to their

3

sides in the dispute.'" Id. (quoting Dawson v. Columbia Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905)). The Court has since explained that in ruling on realignment, the courts are "to determine the issue of antagonism on the face of the pleading and by the nature of the controversy." Smith v. Sperling, 354 U.S. 91, 96, 77 S.Ct. 1112, 1115, 1 L.Ed.2d 1205 (1957).

A determination of whether there is a collision of interests must be based on the facts as they existed at the time the action was commenced. 3A Moore's Federal Practice ¶ 19.03, at 56 (1989). A court may, however, look at subsequent pleadings and proceedings in a case to determine the position of the parties, but only to the extent that they "shed light on the facts as they existed at the outset of the litigation and on the actual interests of the parties." American Motorists Ins. Co. v. Trane Co., 657 F.2d 146, 151 n. 3 (7th Cir.1981).

*Employers Insurance of Wausau*, 905 F.2d at 45-46.

15. Plaintiff has alleged in the Complaint, essentially, that Premium Finance is Plaintiff's wholly owned subsidiary. (Compliant ¶5) ("[t]he Defendant-Premium Finance Investors Fund consists of individuals who invested in the Premium Finance Trust, [a] wholly owned subsidiary of Plaintiff.").

16. Plaintiff and Premium Finance, therefore, would have an alignment of interests in obtaining insurance coverage from Executive Risk in this action.

17. This Court need not reach the issue of realignment; instead, the Court should simply invoke its diversity jurisdiction because Premium Finance was fraudulently joined and it is a nominal party.

18. If, however, the Court does not recognize that Premium Finance was fraudulently joined and that it is a nominal party, then the Court should realign the parties based on their identical interest in the outcome of this litigation.

19. Finally, Plaintiff contends in the last paragraph of its Motion to Remand that "This action is part of a State Court Class Action law suit that is pending in Lycoming County, Pennsylvania." That is not true; this action is not a part of the state court action. This is a separate and distinct action which stands alone. In that regard, contrary to Plaintiff's suggestion, there is no principle of federal jurisdiction that limits a federal court's jurisdiction to hear a declaratory judgment action under these circumstances. *See, e.g., Jacobs Constructors, Inc. v. NPS Energy Services, Inc.*, 264 F.3d 365 (3d Cir. 2001).

WHEREFORE, Defendant Executive Risk, Inc. respectfully requests this Honorable Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

ROBB, LEONARD & MULVIHILL

By: _____
Thomas V. Gebler, Jr., Esquire
PA I.D. #38576
Dennis St. J. Mulvihill, Esquire
PA I.D. #16411
Bruce E. Rende, Esquire
PA I.D. #52714
Attorneys for Defendant, Executive Risk Indemnity Inc.

ROBB, LEONARD & MULVIHILL
Firm #249
2300 One Mellon Center
Pittsburgh, PA 15219
(412) 281-5431

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **RESPONSE TO MOTION TO REMAND** has been forwarded to the following parties in interest by U.S. mail, postage prepaid, on the 2nd day of December, 2002:

Mr. David Eakin
c/o Mallalieu-Golder Insurance Agency, Inc.
49 E. Fourth Street - Suite 105
Williamsport, PA 17701

Premium Finance Trust Investors Fund
33 West Third Street - Suite 202
Williamsport, PA 17701

Thomas V. Gebler, Jr., Esquire
Dennis St. J. Mulvihill, Esquire
Bruce E. Rende, Esquire