ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLALIEU-GOLDER INSURANCE AGENCY, INC., | : | |
| Plaintiff | : | |
| | : | **FILED** |
| vs. | : NO. 4:CV-02-1934 | WILLIAMSPORT, PA |
| | : | DEC 1 7 2002 |
| EXECUTIVE RISK INDEMNITY, INC., | : | |
| and PREMIUM FINANCE TRUST | : | MARY E. D'ANDREA, CLERK |
| INVESTORS FUND, | : | Per_____ DEPUTY CLERK |
| Defendants | : | |

### DEFENDANT-PREMIUM FINANCE TRUST INVESTORS FUND'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

**Procedural History and Facts:**

Plaintiff-Mallalieu-Golder Insurance Agency, Inc.'s action for Declaratory Judgment was filed in the Court of Common Pleas of Lycoming County, Pennsylvania against Executive Risk Indemnity, Inc. and Premium Finance Trust Investors Fund. The factual basis for the Declaratory Judgment arises out of the decision by Executive Risk Indemnity, Inc. to deny coverage and defend Mallalieu-Golder Insurance Agency, Inc. for claims arising out of a Class Action lawsuit which is pending in the Court of Common Pleas of Lycoming County, Pennsylvania.

The Class Action lawsuit alleges that investors were provided Promissory Notes in the Premium Finance Trust, a wholly owned subsidiary of Mallalieu-Golder Insurance Agency, Inc. On or by April 10, 2002, the Premium Finance Trust advised the investors that the Trust would be unable to make any further interest or principal payments to the investors.

Defendant-Executive Risk Indemnity, Inc. issued a policy of insurance to Mallalieu-Golder Insurance Agency, Inc. which provides liability coverage to Mallalieu-Golder Insurance Agency, Inc.; said policy number 501-178510-99.

After the Executive Risk Indemnity, Inc. denied Mallalieu-Golder Insurance Agency,

Inc.'s request to indemnify and defend the insurance company for the claims made in the Class Action lawsuit, Mallalieu-Golder Insurance Agency, Inc. filed a Declaratory Judgment in the Court of Common Pleas of Lycoming County, Pennsylvania against Executive Risk Indemnity, Inc. and the Premium Finance Trust Investors Fund. The Premium Finance Trust Investors Fund is an unincorporated association consisting of investors in the Premium Finance Trust and members of the Class Action lawsuit.

On or about October 25, 2002, Executive Risk Indemnity, Inc. filed a Motion to Remove the Declaratory Judgment action to the United States District Court for the Middle District of Pennsylvania. Plaintiff-Mallalieu-Golder Insurance Agency, Inc. filed a Motion to Remand the case to the Court of Common Pleas of Lycoming County.

This Brief is in support of Mallalieu-Golder Insurance Agency, Inc.'s Motion to Remand.

**Question Presented:**

Whether the Plaintiff-Mallalieu-Golder Insurance Agency, Inc.'s Motion to Remand should be granted as a diversity of citizenship does not exist under 28 U.S.C. 1441.

Suggested answer in the affirmative.

**Argument:**

As an overview, it must be noted that Executive Risk bears a "heavy burden" of persuasion on its notice of removal. This "heavy burden" is a result of the fact that the Court must apply a "strict construction against the removal and all doubt should be resolved in favor of a remand". Batoff v. State Farm Insurance Company, 977 F. 2d 848, 851 (3d Cir. 1992). As the sole basis for the remand is an allegation by the insurance company that diversity of citizenship exists between the parties and a diversity of citizenship does not exist, the Plaintiff's Motion for

2

Remand must be granted.

The Plaintiff's cause of action was filed pursuant to the requirements of the Pennsylvania Declaratory Judgment Statute codified at 42 (Pa. C.S. Section 7531, et. seq.). The Pennsylvania Declaratory Judgment Act specifically mandates required parties to a Declaratory Judgment action.

Specifically, Section 7540 states:

> **(A) General Rule.** - When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard.

Pennsylvania Courts have consistently held that injured individuals and claimants under a policy are indispensable parties to a Declaratory Judgment action. Pleasant Township v. Erie Insurance, 348 A. 2d 477 (1975); In Re: Mohney's Estate, 204 A. 2d 916 (1964). The Pennsylvania Appellate Courts have also held that an insurer could not maintain a Declaratory Judgment action without joining the injured parties. Insurance Company v. Lumberman's Mutual, 177 A. 2d 94 (1962). Therefore, there can be absolutely no dispute that the unincorporated association named the Premium Finance Trust Investors Fund is an indispensable party to the Declaratory Judgment action. Since it is an indispensable party, Executive Risk's contention that the Premium Finance Trust Investors Fund was fraudulently joined must be rejected.

In its response to the Motion to Remand, the insurance carrier alternatively argues that this Court should realign the Premium Finance Investors Trust Fund as a party-Plaintiff. While there is no provision in the Pennsylvania Declaratory Judgment Act for such a realignment, even if the Premium Finance Trust Investors Fund is realigned as a party-Plaintiff, diversity jurisdiction is still lacking.

As the contemporasely filed Affidavit of Florence Marshall indicates, the Premium Finance Trust Investors Fund is an unincorporated association of individuals. In fact, there can be no dispute that the legal classification of the Premium Finance Trust Investors Fund is that of a unincorporated association.

When a Court is making a determination as to whether or not diversity exists or should exist, the Court must look to the individual citizenship of the members of the unincorporated association. See, e.g., General Heat and Power Company v. Diversified Mortgage Investors, 552 F. 2d 556 (3d Cir. 1977).[1] In its response to the Motion for Remand, Executive Risk indicates in Paragraph 2 that, "Executive Risk is a Delaware Corporation which maintains it principal place of business at 15 Mountain View Road, Warren, New Jersey 07059. Executive Risk is not a Pennsylvania corporation nor does it maintain its principal place of business in Pennsylvania." Therefore, the only possible way for diversity of citizenship to exist is if none of the members of the unincorporated association are residents of Delaware or New Jersey.

The Affidavit of Florence Marshall clearly indicates that the unincorporated association has members that are residents of Delaware and New Jersey. In particular, Premium Finance Trust Investors Fund member Eileen Gillis is a resident of Wilmington, Delaware and Premium Finance Trust Investors Fund member Judith Becker is a resident of Woodbury Heights, New Jersey. Therefore, even if the Premium Finance Trust Investors Fund were to be realigned as a party-Plaintiff, diversity of citizenship between the parties does not exist.

In short, as the Premium Finance Trust Investors Fund is an indispensable party pursuant to the Pennsylvania Declaratory Judgment action, diversity of citizenship between the parties

---

[1] Additional support for the proposition that an unincorporated association has no citizenship independent of its members for determining jurisdiction can be found in Pippett v. Waterford Development, LLC, 166 F. Supp. 2d 233 (E.D. Pa. 2001) citing Denver and Rio Grande Western Railroad v. Brotherhood of Railroad Traman, 387 U.S. 556, 87 S. Ct. 1746, 18 L. Ed. 2d 954 (1967).

to the Pennsylvania Declaratory Judgment action, diversity of citizenship between the parties does not exist if the Premium Finance Trust Investors Fund remains a Defendant or is realigned as a party-Plaintiff. Therefore, Plaintiff's Motion to Remand should be granted.

CASALE & BONNER, P.C.

_____
Joseph F. Orso, III, Esquire
Attorney for Defendant-Premium Finance
Trust Investors Fund
Attorney I.D. #49806

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALLALIEU-GOLDER INSURANCE  :
AGENCY, INC.,               :
         Plaintiff          :
                            :
vs.                         :  NO. 4:CV-02-1934
                            :
EXECUTIVE RISK INDEMNITY, INC.,  :
and PREMIUM FINANCE TRUST   :
INVESTORS FUND,             :
         Defendants         :

## DOCUMENT IN SUPPORT OF MOTION FOR REMAND

1) Affidavit of Florence Marshall

                        CASALE & BONNER, P.C.

                        Joseph F. Orso, III, Esquire
                        Attorney for Defendant-Premium Finance
                        Trust Investors Fund
                        Attorney I.D. #49806

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALLALIEU-GOLDER INSURANCE :
AGENCY, INC., :
              Plaintiff :
     :
vs. : NO. 4:CV-02-1934
     :
EXECUTIVE RISK INDEMNITY, INC., :
and PREMIUM FINANCE TRUST :
INVESTORS FUND, :
              Defendants :

## AFFIDAVIT OF FLORENCE MARSHALL

1. I am a named Plaintiff in a Class Action lawsuit filed in the Court of Common Pleas of Lycoming County, Pennsylvania filed against the Premium Finance Trust and Mallalieu-Golder Insurance Agency, Inc.

2. There are 156 investors in the Premium Finance Trust and they are members of the Class.

3. The Class is an unincorporated association known as the Premium Finance Trust Investors Fund.

4. Judith Becker of 257 Lincoln Avenue, Woodbury Heights, New Jersey is a member of the unincorporated association as she is an investor in the Premium Finance Trust.

5. Eileen Gillis of 3601 Hewn Lane, Wilmington, Delaware is a member of the unincorporated association as she is an investor in the Premium Finance Trust.

                                                                         _____
                                                                         Florence Marshall

SWORN TO and SUBSCRIBED TO
Before Me, this 17th day of December, 2002.

_____
Notary Public
My Commission Expires:

NOTARIAL SEAL
LOIS M. McKINLEY, Notary Public
Williamsport, Lycoming County
My Commission Expires April 5, 2004

CASALE & BONNER P.C. - ATTORNEYS & COUNSELLORS AT LAW
SUITE 202 - 33 WEST THIRD STREET - WILLIAMSPORT, PA 17701

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALLALIEU-GOLDER INSURANCE :
AGENCY, INC., :
               Plaintiff :
:
vs. :   NO. 4:CV-02-1934
:
EXECUTIVE RISK INDEMNITY, INC., :
and PREMIUM FINANCE TRUST :
INVESTORS FUND, :
               Defendants :

### CERTIFICATE OF SERVICE

JOSEPH F. ORSO, III, Esqiure of Casale & Bonner, P.C. hereby certifies that on this 17th day of December, 2002, he did cause a true and correct copy of the foregoing Brief in Support of Plaintiff's Motion to Remand to be served on Plaintiff, David Eakin of 49 East Fourth Street, Suite 105, Williamsport, PA 17701, as well as counsel for Defendant-Executive Risk Indemnity, Inc., Thomas V. Gebler, Jr., Esquire of Robb, Leonard & Mulvihill, 2300 One Mellon Center, Pittsburgh, PA 15219 by placing the same in the United States Mail, postage prepaid and addressed as herein contained on this date.

                                                CASALE & BONNER, P.C.

                                                Joseph F. Orso, III, Esquire
                                                Attorney for Defendant-Premium Finance
                                                Trust Investors Fund
                                                Attorney I.D. #49806